UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL MOMENT
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832 - 7906
    Plaintiff,

Civil Action No.

vs.

CRAIG ISCOE, Judge
500 Indiana Ave., N.W.,
Washington, D.C. 20001
    Defendants,

CASE NUMBER  1:06CV01421

JUDGE: Richard W. Roberts

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 08/11/2006

JURY ACTION

Complaint

1

Mr. Moment brings this suit against Judge Craig Iscoe for willful and knowingly violating his Constitutional and Civil Rights. Mr. Moment is requesting a jury trial.

## STATEMENT OF FACTS

On May 11, 2004, Mr. Moment was arrested on a warrant for felony threats and kidnapping of his future mother –in – law whom he had never met. On May 12, 2004, Assistant United States Attorney Timothy W. Lucas Nolle Prosequi the complaint. On May 12, 2004, Assistant United States Attorney Office before going before Judge offered Mr. Moment mediation with the victim. Mr. Moment refused the Assistant United States Attorney offer at 10:45am using the same affidavit in support of an arrest warrant. The Assistant United States Attorney Timothy W. Lucas filed new charges of threats class B misdemeanor against Mr. Moment. On May 12, 2004; Mr. Moment went before the court and plead not guilty. On August 11, 2004, Mr. Moment came before Superior Court Judge Craig Iscoe at which time the Assistant United States Attorney Mr. Michael Baker stated that the charges had changed to attempted threats. At no time did Mr. Moment's attorney argue about the changing of the charges. It was clear throughout the trail Mr. Moment's attorney had made a deal with the Assistant United States Attorney Office without Mr. Moment's knowledge. Mr. Moment was found guilty of attempted threats. On August 12, 2004, Judge Iscoe sentenced Mr. Moment to 90 days E.S.S, 1 year supervised probation, 240 hours of community service, complete anger management class, and stay away from Mrs. Pearl Reardon and her husband. On September 10, 2004,

Mr. Moment filed an appeal in District of Columbia Court of Appeals. On September 10, 2004, Mr. Moment ordered the transcripts for his appeal. December 2, 2004, Mr. Moment had begun going to the District Court of Appeals to inquire on the status of his appeal. He would go twice a month to the District Court of Appeals to hear that the file had not been sent up from the lower court. On February 9, 2005, Mr. Moment filed a civil suit against his attorney Mr. Russel J. Hairston. On March 7, 2005, Mr. Moment's probation officers informed Mr. Moment that he did not have to report to his court ordered supervised probation anymore. On March 15, 2005, Mr. Moment filed suit on the District of Columbia, C.A. #05ca001888. On May 5, 2005, Mr. Moment went to an initial hearing on Mr. Hairston. In this hearing, Mr. Hairston stated that Judge Craig Iscoe would come and testify on his behalf. In this hearing, Mr. Hairston agreed to pay Mr. Moment a sum if Mr. Moment agrees not to proceed with any further litigation against him. On July 16, 2005, Mr. Moment received an order to appear before Judge Iscoe of Superior Court of the District for violation of probation on August 9, 2005, just 4 days before Mr. Moment's sentence was to end. On August 9, 2005, Mr. Moment appeared before Judge Iscoe. In Mr. Moment's opening statement Mr. Moment motioned that this hearing be heard by another judge because what was stated on May 5, 2005, by Mr. Hairston in the civil hearing. Mr. Hairston stated that Judge Craig Iscoe would come and testify on his behalf. Judge Iscoe stated that he knew nothing about a trial and that he knew nothing about coming and testifying on behalf of Mr. Hairston then Judge Iscoe stated that he was denying Mr. Moment's motion. Judge Iscoe then stated to Mr. Moment that a mistake had been made on his sentence and that he, Mr. Moment, had 2 more years of unsupervised probation. Then Ms. Nickelberry stated that Mr. Moment had not

completed his 240 hours of community service. Mr. Moment told Judge Iscoe that he had his community service all setup the first day he went to meet with his probation officer and was told that he could not do the community service now and that he had to wait until he was transferred to Maryland and they would setup the service. Mr. Moment was then told that Maryland was not going to touch this case. Then Ms. Nickelberry informed Mr. Moment that he did not have to come in for his court ordered supervised probation anymore. Judge Iscoe stated that I'm going to reduce your community service to 140 hours. On September 1, 2005, Mr. Moment went to the office of Appeals Coordinator's Room 3148 and was informed by clerk that Judge Iscoe had checked his the file out on January 19, 2005, and had not returned the file back to the Appeals Coordinator's Office and that he has had it in his possessions all this time 225 days. Mr. Moment then asked to speak with her supervisor after speaking with the supervisor of the clerk's office. She explained to Mr. Moment that the Judge should not have this file since an appeal had been filed. The supervisor then called Judge Iscoe courtroom and told the clerk that they would like the jacket back. On September 12, 2005, Mr. Moment received a letter that all paper work for his appeal had finally made it to the Appeals Court; 1 year after Mr. Moment filed his appeal.

**Mr. Moment claim is that Judge Craig Iscoe willful and knowingly violated his Constitutional and Civil Rights under:**

Mr. Moment's First Amendment

Mr. Moment's Fourth Amendment

Mr. Moment's Sixth Amendment

Mr. Moment's Fourteenth Amendment

Conspiracy to commit those federal civil rights violations

Abuse of process

General due process violation

Failure to uphold his oath that he swear or affirm to

**Violation of United States Code**

Title 18, U.S.C., Section 242 (Deprivation of Right under Color of Law).

Title 18, U.S.C., Section 241 (Conspiracy against Rights).

Title 18 Section 3553 (Imposition of a Sentence).

Title 42 Section 1981 (Equal Rights under the Law).

Title 42 Section 1983 (Proceeding in Vindication of Civil Rights).

Title 42 Section 1985 (Conspiracy to interfere with civil rights).

**Violation of Federal Rules of Appellate Procedure**

Federal Rules of Appellate Procedure: Rule 11 (b) 1, 2 (c) (e) Forwarding the Record

**Violation of Federal Rules of Criminal Procedure**

1. Federal Rules of Criminal Procedure: Rule 32 Sentencing and Judgment.

2. Federal Rules of Criminal Procedure: Rule 32.1 (c) 1, 2bRevoking or Modifying Probation or Supervised Release.

3. Federal Rules of Criminal Procedure: Rule 35 (a) Correcting or Reducing a Sentence.

4. Federal Rules of Criminal Procedure: Rule 36 Clerical Error.

5. Federal Rules of Criminal Procedure: Rule 52 (a) Harmless and Plain Error.
6. Federal Rules of Criminal Procedure: Rule 58 (b) 2 (d) 3 Petty Offenses and Other Misdemeanors.

### RELIEF

Plaintiff is claiming relief of $1,000,000.00 million dollars for the defendants' actions constitute a willful and knowing violation and depravation of rights secured by the Constitution of the United States in violation of Title 42 U.S.C., Section 1983, and Title 18, U.S.C., Section 242 specifically, the rights to be free from excessive and unreasonable action; the depravation of liberty without due process of law; the right to equal protection of the laws.

Michael Moment, Pro Se
P. O. Box 5298
Hyattsville, Maryland, 20782- 0298
(240) 832 - 7906