UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MOMENT, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 06-1421 (RWR) |
| ) | |
| v. ) | |
| ) | |
| THE HONORABLE CRAIG ISCOE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Judge Craig Iscoe, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety. As explained more fully in the accompanying Memorandum of Points and Authorities, the doctrine of judicial immunity provides an absolute bar to Plaintiff's Complaint, and therefore this matter must be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

    /s/ *Shana L. Frost*
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL MOMENT, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-1421 (RWR) |
| | ) | |
| v. | ) | |
| | ) | |
| THE HONORABLE CRAIG ISCOE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Judge Craig Iscoe, by and through his undersigned counsel, respectfully requests that the Court dismiss the Complaint in the above-captioned matter. As set forth more fully *infra*, Plaintiff's Complaint seeks damages against Judge Iscoe for alleged constitutional and federal statutory violations that Plaintiff asserts arose from judicial acts. It is well-settled, however, that the doctrine of judicial immunity provides judges with absolute immunity from civil suit for any act performed within the judge's judicial capacity. Therefore, Plaintiff's Complaint must be dismissed.

**I.    FACTUAL BACKGROUND**

The above-captioned matter, filed on August 11, 2006, relates to rulings made by Judge Iscoe when he presided over a criminal case against the Plaintiff in the Superior Court of the District of Columbia.[1] *See* Compl. *passim.* While not alleging any specific facts to support the alleged violations that Plaintiff claims, Plaintiff alleges that during these Superior Court proceedings Judge Iscoe violated rights secured to him by the U.S.

---

[1] Plaintiff's criminal conviction in his case before Judge Iscoe was recently affirmed by the District of Columbia Court of Appeals. *See Michael Moment v. United States*, No. 04-CM-1144 (Aug. 7, 2006).

Constitution, as well as federal rules of appellate and criminal procedure. *Id.* Plaintiff seeks $1,000,000.00 in damages. *Id.*

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 1276 (1994).

## III.  ARGUMENT

The judicial immunity exemption "is, in general, absolute, and a judge cannot be called to account for his official actions by a civil suit at any time or place." *Spruill v. O'Toole*, 74 F.2d 559 (D.C. Cir. 1934). Thus, it is well-settled that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley,*

2

13 Wall. at 351).  Indeed, "[t]he immunity of judges from liability for damages for acts committed within their judicial jurisdiction" is a strongly founded doctrine in the law of our nation.  *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967).  It serves to "[protect] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants."  *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing *Bradley*, 13 Wall. at 348).  Moreover, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Bradley*, 80 U.S. (13 Wall.) at 347.

In this case, Plaintiff asserts that Judge Iscoe "willful [sic] and knowingly violated his Constitutional and Civil Rights" under the First, Fourth, Sixth, and Fourteenth Amendments.  Compl. at 4-5.  He further alleges various violations of the United States Criminal Code and the Federal Rules of Appellate and Criminal Procedure.  Compl. at 5.  While the Complaint here is not a model of clarity, the allegations that Plaintiff sets forth demonstrate without a doubt that Plaintiff's claims arise from actions taken by Judge Iscoe in the course of his judicial duties.  Compl. at 2-4 (addressing, *inter alia,* the criminal sentence that Judge Iscoe imposed upon Plaintiff and Plaintiff's violation of probation hearing before Judge Iscoe).  Thus, Plaintiff's claims are absolutely barred by the doctrine of judicial immunity.

Therefore, on its face, Plaintiff's Complaint has not stated a claim upon which relief can be granted and, as a matter of law, Judge Iscoe enjoys absolute immunity from suit and Plaintiff's claims against him must be dismissed.

                                                Respectfully submitted,

                                                ROBERT J. SPAGNOLETTI
                                                Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\_/s/  *Nicole L. Lynch*_____
NICOLE L. LYNCH (471953)
Chief, Section II


\_\_/s/  *Shana L. Frost*_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

4