UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL MOMENT
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832 - 7906
    Plaintiff,

                      Civil Action No.06-1421 R.W.R

vs.

Judge, CRAIG ISCOE
500 Indiana Ave., N.W.,
Washington, D.C. 20001
    Defendant,

**RECEIVED**

SEP 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO DENY DEFENANT MOTION TO DISMISS

COMES NOW, the Plaintiff, Michael Moment, moves this Honorable Court to deny Defendant's Motion to dismiss for the reasons, which follow:

The Defendant took an oath to uphold and defend the Constitution of The United States of America and the laws of the District of Columbia. Defendant through his counsel states that he has judicial immunity and cites numerous cases. The cases that the Defendant has cited are unfounded misinterpretation of the meaning of the 42nd Congress of the year 1871. For any court to change the words or of a Congressionally Enacted Statute is beyond the jurisdiction of such a court, and any such court findings should be ignored as blatantly unconstitutional therefore, no future court should give credibility to an improper act of a prior court. Because only Congress can make laws and only Congress can change their enacted laws. Therefore, when the Defendant was confirmed by the political process the Defendant falls under the purview of WE THE PEOPLE and is under our will. Congress passed the 1866 and 1871 Civil Rights Acts specifically to deprive all state officials any immunity from suit. Therefore, when the Defendant intentionally and knowingly conspired with the District of Columbia to deprive the Plaintiff of his constitutional rights, The Defendant exercises no discretion or individual judgment; the Defendant acts no longer as a judge, but as a minister of his own prejudice. Therefore, the Defendant has no judicial immunity and under:

**United States Code, Title 42, Section 1983:** Every person who, under color of any statute ordinance, regulation, custom, or by usage, of any State or Territory, subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Every person shall be liable in an action at law suit in equity no exclusion for judges by any act of Congress.

**United States Code, Title 42, Section 1985:** If two or more person conspire for the purpose of depriving any person of the equal protection of the laws the party so injured or deprived may have an action for the recovery of damages. Recovery of damages against any one or more of the conspirators, no exclusion for judges by any act of Congress.

**United States Code, Title 42, Section 1986:** Every person who, having knowledge that any of the wrongs are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do shall be liable.

**United States Code, Title 42, Section 1988:** When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it. State v. Sutton, 63 Minn. 147 65 NW 262 30 ALR 660 and Watson v. Memphis, 375 US 526; 10 L Ed 529; 83 S. Ct. 1314

The Defendant is a setting Judge in the Superior Court of the District of Columbia and should be well educated on the laws of the District of Columbia and the Constitutional of the United States of America. When the Defendant received the court document to try the Plaintiff. The Defendant having the knowledge of the law and knowing that a wrong had been committed and having the power to prevent it from going any further, the Defendant neglects or refuses to do so but conspire to deprive the Plaintiff of his Civil and Constitutional Rights.

1. On May 11, 2004, Plaintiff was arrest on a warrant, which states; "On or about January 27, 2004, within the District of Columbia, MICHAEL MOMENT threatened to injure/kidnap PEARL REARDON. (Threatening To Injure/Kidnap a Person, in violation of 22 D.C. Code, Section 1810 (2001ed)). **Exhibit 1**

   a. Under 22 D.C. Code, Section 1810 (2001ed): Whoever shall be guilty of, or of aiding or abetting in, seizing, confining, inveigling, enticing, decoying, kidnapping, abducting, concealing, or carrying away any individual by any means whatsoever, and holding or detaining, or with the intent to hold or detain, such individual for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall, upon conviction thereof, be punished by imprisonment for not more than 30 years. For purposes of imprisonment following revocation of release authorized by § 24- 403.01, the offense defined by this section is a Class A felony. This section shall be held to have been violated if either the seizing, confining, inveigling, enticing, decoying, kidnapping, abducting, concealing, carrying away, holding, or detaining occurs in the District of Columbia. If 2 or more individuals enter into any agreement or conspiracy to do any act or acts which would constitute a violation of the provisions of this section, and 1 or more of such individuals do any act to effect the object of such agreement or conspiracy, each such individual shall be deemed to have violated the provisions of this section.

   This is a Class A felony and under the District of Columbia Bill of Rights article I section 8 Grand Jury:

All persons have the right to be free from unwarranted or arbitrary prosecutions. The grand jury shall not engage in fishing expeditions. Grand jury indictments are required for all offenses carrying authorized prison sentences of one year or more. Grand jurors shall be drawn from a cross-section of the community. All grand jury witnesses shall have the right to assistance and presence of counsel, to be informed of the privilege against self-incrimination, and to be advised if they are, or may become, targets of prosecution. Criminal defendants are entitled to grand jury transcripts in a timely fashion. The grand jury shall appoint and the State shall pay non-governmental counsel for independent advice. Indictments shall be issued only on probable cause and shall, upon motion, be dismissed for violations of this Section. The House of Delegates shall determine the manner of grand jury selection and operation. At no time did a grand jury see this case.

b. Under the District of Columbia Bill of Rights, article I section 6: Privacy is a fundamental right. Therefore, the people shall be free from unreasonable searches and seizures of their persons, homes, businesses, vehicles, papers, and effects. This right extends to all places and for all circumstances in which the individual has a reasonable expectation of privacy. The fruits of unlawful intrusions, including intrusions by private persons, shall not be used by the State for any purpose in any judicial or administrative proceeding against any individual, whether or not the individual was the target of an unlawful search or seizure, and whether or not the expectation of privacy of that individual was violated. No search will ensue except under the authority of a valid warrant

issued by a judicial officer; such warrant shall be issued only upon probable cause and must be supported by oath or affirmation describing with particularity the place to be searched and the persons or items to be seized. This Section does not preclude warrant less searches or seizures in the following circumstances: searches incident to a valid arrest; exigent circumstances under which officials conducting the search or seizure have no time to secure a warrant; inadvertent discovery of illegal material pursuant to the execution of a valid search warrant; searches and seizures conducted at international borders or their functional equivalent; administrative searches of pervasively regulated businesses pursuant to a general plan; and searches upon the consent of the individual who is the subject of the search or seizure, provided that the individual had been fully informed of the right to withhold consent, and no other exception to this Section is present. The official conducting the search bears the burden of proving fully informed consent. The right to be secure against unreasonable interception of telephonic, telegraphic, electronic, and other forms of communication and against unreasonable interception of oral and other communications by electronic methods shall not be violated. No such interception shall occur except following issuance of a warrant. No orders or warrants for such interceptions shall be issued but upon probable cause supported by oath or affirmation that evidence of crime may be thus obtained, and particularly identifying the means of communication and the person or persons whose communications are to be intercepted. Evidence obtained in violation of this paragraph shall not be admissible in any court against any person. The 4th amendment: The right of the

    people to be secure in their person, house, papers, and effects, against unreasonable search and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Nowhere in the affidavit in support of an arrest warrant was there allege that the Plaintiff had kidnapped Mrs. Pearl Reardon.

   c. On August 11, 2004, Mrs. Pearl Reardon testified that she never told the Metropolitan Police Department that the Plaintiff kidnapped or that she never pressed kidnapping charges against the Plaintiff. **Exhibit 2 page 25, 27, 74**

2. On May 12, 2004, the Office of the Assistant United States Attorney for the District of Columbia nolle the charged **Exhibit 3**

   a. Under the Superior, Court Rules of Criminal Procedure, Rule 48 (a) 1. Dismissal the Assistant United States Attorney for the District of Columbia terminate the information or complaint.

   b. Under the Federal Rule of Criminal Procedure, Rule 48 (a) the government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

   c. Under the Superior, Court Rules of Criminal Procedure, Rule 4-I.Use of Summons when Re-prosecuting Offense: If a prosecution is terminated by nolle prosequi or by court dismissal without prejudice and if the United States attorney or Corporation Counsel elects to re-institute a second or subsequent prosecution against the same party arising out of the same fact situation as the

charge which was nolle prossed or dismissed, the prosecuting authority shall, except for good cause shown, serve the party by summons and shall notify in writing his former counsel of the date and place formal charges will be re-instituted.

   d. At no time did the Assistant United States Attorney for the District of Columbia or the court serve the Plaintiff with a summons or bring the Plaintiff out of lockup to a show cause hearing to re-institute new charges.

3. On May 12, 2004, the Office of the Assistant United States Attorney for the District of Columbia filed new charges on Plaintiff, which states, "On or about January 27, 2004, within the District of Columbia, Michael Moment made threats to do bodily harm to Pearl Reardon. (Threats, in violation of 22 D.C. Code, Section 407 (2001 ed.)) **Exhibit 4**

   a. Under the District of Columbia Official Code, § 22-407 (Threats to do bodily harm): Whoever is convicted in the District of threats to do bodily harm shall be fined not more than $500 or imprisoned not more than 6 months, or both, and, in addition thereto, or in lieu thereof, may be required to give bond to keep the peace for a period not exceeding 1 year.

On May 25, 2004, June 8, 2004 and August 11, 2004, Plaintiff came before Defendant.

1. On August 11, 2004, Plaintiff went to trial before the Defendant at which time the Plaintiff's charge had change again to attempted threats.

   a. Attempted threats, is a non-existent offense. The District of Columbia has no authority to make, modify, any laws. Only Congress can make laws and only Congress can change their enacted laws.

    b. When the Assistant United States Attorney for the District of Columbia, changed the charge to attempted threats in open statement violated the Plaintiff rights.

    c. On August 11, 2004, and August 12, 2004, the Assistant United States Attorney for the District of Columbia case was that Plaintiff threatened Mrs. Pearl Reardon not that he attempted to threaten Mrs. Pearl Reardon **Exhibit 2 page 6, 19, 21, 22, 23, 24, 49, 54, 63, 67, 70,**

    d. On August 11, 2004, Assistant United States Attorney for the District of Columbia case was that the Plaintiff threatened Mrs. Pearl Reardon for calling his sister. On May 22, 2006, through Mrs. Reardon's counsel filed a document with this Honorable Court, which state that Mrs. Reardon applied for a warrant because of visitation litigation and not for calling a sister. **Exhibit 5**

2. On August 12, 2004, the Defendant found Plaintiff guilty of attempted threats and sentenced Plaintiff to (90) days E.S.S.; 1 year supervised probation. (240) hours of community service to be completed within 10 months and $500.00 to be paid by 11/12/04, stay away from Pearl Reardon and her husband (No contact by telephone, in person, the internet, by mail or through a third party) also, stay away from the 4200, 4300, & 4400 Block of Hairston St. N.W. one block in all directions. Complete anger management classes also to stay away from the 6300 block of Kingsman View Circle in Silver Spring Maryland. **Exhibit 6**

    a. In court documents, Plaintiff was found guilty of a class C misdemeanor under U.S Code Title 18 § 3559 (a) 8-9: thirty days or less but more than

        five days, as a Class C misdemeanor; or five days or less, or if no imprisonment is authorized, as an infraction.

      b. There was no complaint or testimony that the Plaintiff did anything to the husband.

On September 10, 2004, Plaintiff filed an appeal in District of Columbia Court of Appeals. On January 19, 2005, the Defendant removed the Plaintiff's file out of the Appeals Coordinator's Office to hold up Plaintiff's appeal. On February 9, 2005, Plaintiff filed a civil suit against his attorney, Mr. Russel J. Hairston. On May 5, 2005, Plaintiff went to an initial hearing on Mr. Hairston. In this hearing, Mr. Hairston stated that Judge Craig Iscoe would come and testify on his behalf.

    a. Under Canon 2 of the Code of Judicial Conduct, **Canon 2B.** The testimony of a judge as a character witness injects the prestige of the judicial office into the proceeding in which the judge testifies and may be misunderstood to be an official testimonial. This Canon, however, does not afford the judge a privilege against testifying in response to an official summons. Except in unusual circumstances where the demands of justice require, a judge should discourage a party from requiring the judge to testify as a character witness.

On March 7, 2005, Plaintiff's probation officers informed him that he did not have to report to his court ordered supervised probation anymore. On March 15, 2005, Plaintiff filed suit on the District of Columbia, On July 21, 2005, Plaintiff received an order from the Defendant that he was in violation of his probation. On August 9, 2005, Plaintiff came before the Defendant at which time the Defendant told the Plaintiff that there had been a mistake made on his sentence. In addition, he had two more years of probation

Plaintiff was then asked, why he had not completed his community service. Plaintiff informed the Defendant that the probation officer had not given him any community service. The Defendant then stated that he was reducing the community service from 240 hours to 140 hours and that the Plaintiff had one year to complete the community service. The Defendant then told the Plaintiff and the Probation Officer o go into hallway and work out the details on Plaintiff doing the community service.

On August 25, 2006, Plaintiff received an order from the Defendant stating that he was in violation of his probation and that he had issued a bench warrant on May 22, 2006, because Plaintiff did not appear before the court on June 15, 2006, for a show cause hearing. In the order, the Defendant also states that on August 24, 2006, he was quashing the bench warrant because the first notice was returned as undelivered. Comes now, that the Plaintiff must appear on September 15, 2006, **Exhibit 7**

On August 9, 2005, the Defendant gave the Plaintiff one year to complete the 140 hrs. of community service. The Defendant then issued a bench warrant 9 months and 13 days. Even though the Plaintiff had 2 months and 18 days more to do his 140 hrs. of community service.

Defendant states that the Plaintiff's criminal conviction was recently affirmed by the District of Columbia Court of Appeals it is clear that the conspiracy goes further than the Superior Court of the District of Columbia.

1. The person who was the supervisor of Assistant United States Attorney Office for the District of Columbia and the person who singed off on the Plaintiff's non-existent offense charge and who has

charged other individuals with this same non-existent offense was submitted to the Appeals Court of the District of Columbia in May of 2005,

2. On December 29, 2005, the Plaintiff filed his full brief with the Court of Appeals for the District of Columbia. An order was given which states: On consideration of appellant's motion for leave to file the lodged limited appendix, to which no opposition has been filed, it is ORDER that appellant's motion is granted and the lodged limited appendix is filed. It is FURTHER ORDER that appellee's brief shall be filed within 30 days from the date of this order. **Exhibit 8**

3. On February 9, 2006, Plaintiff received an Order from the Appeals for the District of Columbia which states: It appearing that the brief of appellee was due to be filed on or before January 30, 2006, and has not yet been filed with this court, it is ORDERED that appellee shall file its brief within 20 days from the date of this order, accompanied by a motion for leave to file out of time. The motion should set forth good cause for the failure to comply with this order shall subject this appeal to being scheduled for consideration on record and appellant's brief alone. **Exhibit 9**

4. On February 16, 2006, Plaintiff received an Order from the Appeals for the District of Columbia which states: On consideration of this court's order of February 9, 2006, wherein appellee was directed to file the brief within 20 days, accompanied by a motion for leave to file

out of time, and it appearing that the brief of appellee was filed with this court on January 30, 2006, and was inadvertently omitted from the docket of this appeal, it is ORDERED, sua sponte, that this court's order of February 9, 2006, is hereby vacated. It is FURTHER ORDERED that this appeal shall be scheduled for consideration before a merits division as soon as the calendar permits. **Exhibit 10**

Plaintiff has stated that there is conspiracy and corruption within the District of Columbia. The order states that the appellee filed their brief on January 30, 2006, Plaintiff received his copy of the appellee's brief on February 15, 2006, one day before Plaintiff received this order. In the appellee's brief it is clear that the brief had been altered so the date would fall within the date order on February 9, 2006,

5. On June 8, 2006, Plaintiff received a calendar notice that states his appeal was set for July 27, 2006, at 2:00 p.m. scheduled for Summary I Calendar on June 16, 2006; Plaintiff filed a Motion for Oral Argument and on June 22, 2006, the District of Columbia Court of Appeals sent an order to the Plaintiff which states: On consideration of motion of pro se appellant for oral argument, and it appearing that this matter is scheduled on the summary calendar of July 27, 2006, it is ORDERED on behalf of the merits division assigned to consider this matter that the motion is denied. This matter will be submitted for decision on July 27, 2006, on the record and briefs filed without argument by any party. **Exhibit 11**

      6. On August 7, 2006, the District of Columbia Court of Appeals sent Plaintiff a Memorandum Opinion and Judgment. **Exhibit 12**

When the Defendant went outside of the Constitution of The United States of America, the laws of the District of Columbia, Federal Laws, and Superior Court Rules, the Defendant no longer has immunity. A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938).When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction. State use of Little v. U.S. Fidelity & Guaranty Co., 217 Miss. 576, 64 So. 2d 697. Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction." Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872). No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." Ableman v. Booth, 21Howard 506 (1859).

**Under Title 18, U.S.C., Section 242 (Deprivation of Right under Color of Law)**

Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official

is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.

The offense is punishable by a range of imprisonment up to a life term, or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any.

### TITLE 18, U.S.C., SECTION 242

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

And for the reason set-forth above, the Plaintiff respectfully moves this Honorable Court to DENY Defendant Motion to Dismiss.

*[signature]*
Michael Moment, Pro Se
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832-7906

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2006, a copy of the foregoing was hand delivery, to Mr. Robert J. Spagnoetti Attorney General for the District of Columbia at 441 4th Street, NW Washington, DC 20001.

*[signature]*
Michael Moment