# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION
### COMPLAINT

No. 38404

District of Columbia ss:

Defendant's Name: Michael Moment                    449720
                  (First)   (MI)   (Last)          (PDID)         (CCNO)

Address: 63 KINGMAN VIEW CIRCLE, SILVER SPRING MD

On or about January 27, 2004, within the District of Columbia, MICHAEL MOMENT threatened to injure/kidnap PEARL REARDON. (Threatening To Injure/Kidnap a Person, in violation of 22 D.C. Code, Section 1810 (2001 ed.))

Co-Defendants:

_Nolle 5/12/04 Tim [illegible]_

_____
(Affiant's Name)

Subscribed and sworn to before me this ___7___ day of _____April 2004_____

_____
(Judge/Deputy Clerk)

## WARRANT

To the United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:
WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant for _____Michael Moment_____
YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued _____
                                    Superior Court of the District of Columbia

| Sex: Male | DOB: 03/18/1962 | CCN: | PDID: 449720 |
|---|---|---|---|
| Papering Officer: Wilson | | | Badge No.: D2-300 |

**OFFICER MUST EXECUTE RETURN**

Officer's Name: _____     Date / Time:
W0458040

AUSA Signature: _____     Fel. 1   MISD   [illegible]
                                        ☐       ☐

EXHIBIT # __3__

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

### INFORMATION

No. M0482804

The United States Attorney for the District of Columbia informs the Court that within the District of Columbia:

Defendant's Name: __Michael_____ Moment_____ 449720      04011879    03/18/1962
               (First)   (MI)   (Last)                  (PDID)      (CCNO)     (DOB)

Address: 64 KINGMAN VIEW CIRCLE, SILVER SPRING MD

1  On or about January 27, 2004, within the District of Columbia, Michael Moment made threats to do bodily harm to Pearl Reardon.  **(Threats, in violation of 22 D.C. Code, Section 407 (2001 ed.))**

Co-Defendants:

**EXHIBIT # 4**

United States Attorney for the District of Columbia

| By: Assistant United States Attorney | /s/ Tim Lunn | Date: May 12, 2004 |
|---|---|---|
| By Officer: Donna Wilson | | Badge No.: D2-300 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL MOMENT
    Plaintiff

V.                                  CIVIL ACTION NO.1: 06CV00535

PEARL REARDON
    Defendant

## MOTION TO DISMISS THE COMPLAINT

Plaintiff, through undersigned counsel, moves that Plaintiff's complaint be dismissed with prejudice pursuant to F.R. Civ. Pro. 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted and that it is barred by the doctrine of res judicata.

### Factual Background

Plaintiff is the "significant other" of Defendant's daughter, Felita Phillips. Ms. Phillips has a child, the granddaughter of Defendant. In 2004 Defendant instituted an action in the Circuit Court of Montgomery County to force Ms. Phillips to allow her to exercise visitation rights with her granddaughter. That request was subsequently granted after much resistance by the Circuit Court of Montgomery County Maryland. Plaintiff is not the father of the minor child in question. During the course of the visitation litigation, Plaintiff began to harass and verbally threaten Defendant. As a result of those threats Defendant applied for and a warrant was issued for the arrest of Plaintiff. Plaintiff was subsequently arrested and tried in Superior Court of the District of Columbia. (Case No. M4828-04). He was convicted of Attempted Threats and placed on two years probation. That probation is still active.

1

**EXHIBIT #** 5

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America  
District of Columbia

vs.

_Michael Neumat_

Case No. M 4828-04  
PDID No.: 449-720

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of: ☐ Not Guilty ☐ Guilty to the Charge(s) of _Count 66 C 99 – Attempted Threats_

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _As to Count 66 — 90 days E.S.S.; 1 Year Supervised Probation, (240) Hours of Community Service to be completed within 10 Months and Fine $500.00 To be Paid by: 11/12/04 * Stayaway from Pearl Reardon + her Husband No contact by telephone, in person, third party, by mail or through a Third Party. Also, Stayaway from the 4200, 4300, + 4400 Blk of Hairston St. N.W. (1 Blk in all Directions) *APPEAL RIGHTS GIVEN* + Do Alley behind the incident_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed

☐ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☒ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

☒ The Court will _Enroll + Complete an Anger Management Class. Also, Stayaway from the 6300 Blk of Runnymede Rd. S.E. (1 Blk)_

Costs in the aggregate amount of $ _50.00_ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. _Payable by 11/12/04_

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials, and that the copy shall serve the commitment/order for the defendant.

_8/12/04_  
Date

Certification by Clerk pursuant to Criminal Rule 32(d)

_8/12/04_  
Date

Judge

Deputy Clerk

Form CDISB-1040

**EXHIBIT # 6**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Criminal Division – Felony Branch

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2006 AUG 24 P 4:04 |
| | FILED |
| v. | Criminal No. M-4828-04 |
| MICHAEL MOMENT | Judge Craig Iscoe |
| Defendant. | |

### ORDER

Upon consideration of the attached Violation Report received from the Court Services and Supervision Agency for the District of Columbia on May 22, 2006, the Court ordered Defendant to appear before this Court on June 15, 2006 to show cause why his probation should not be revoked or modified. The Court sent the notice to Mr. Moment at 9626 Desedente Drive, Owings Mill, MD 21117. This was the address that Defendant had supplied to Court Supervision Officer Sharon Nickelberry and which he was required to keep current by the terms of his probation.

Defendant failed to appear at the show cause hearing on June 15, 2006 and the Court issued a bench warrant for Defendant's arrest.

On August 17, 2006 the notice was returned as undelivered and the Court therefore learned that Defendant had not received the notice. Because Defendant never received the first notice, this Court will give him a second chance to appear at his show cause hearing. The Court on this 24 day of **August, 2006**, hereby:

**ORDERS** that the bench warrant be quashed; and it is

EXHIBIT # 7

**FURTHER ORDERED** that the Defendant appear before this Court to show cause why his conditions of probation should not be revoked or modified on **Friday, September 15, 2006, at 9:30 a.m in Courtroom 221**[1]; and it is

**FURTHER ORDERED** that the Defendant shall have the right to be represented by an attorney, and a representative of the U.S. Attorney's Office shall appear to represent that interest of the United States.

**SO ORDERED.**

_____
CRAIG ISCOE
**Associate Judge**
**Signed in chambers**

---

[1] The Court will issue a bench warrant for the Defendant's arrest should he fail to appear.

Copies to:

Misdemeanor Trial Section
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530

Russell Hairston, Esquire
639 Eye Street, NE
Washington, D.C. 20002

Michael Moment
P.O. Box 5298
Hyattsville, MD 20782

Sharon Nickelberry, CSO
Court Services and Offender Supervision Agency
for the District of Columbia
800 North Capitol Street, N.W.
Washington, DC 20002

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

**AMENDED**

vs.

Case No: **M-4828-04**
PDID No: **444-720**

MICHAEL MOMENT

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of
COUNT "C" - ATTEMPTED THREATS

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to

AS TO COUNT "C": PROBATION EXTENDED TO INCLUDE COMMUNITY SERVICE REQUIREMENT. SERVICE HOURS REDUCED TO ONE HUNDRED AND FORTY (140) HOURS

★ ALL OTHER CONDITIONS REMAIN THE SAME. (5/18/05)

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed.

☐ **MANDATORY MINIMUM** term does not apply.

☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☒ **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

☒ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

☐ The Court will distribute monies to _____

Costs in the aggregate amount of $ **50.00** have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

**ORDERED** that the Clerk deliver a true copy of this order to appropriate Authorized Official(s) and that the copy shall serve the commitment/order for the defendant.

8/9/05
Date

Certification by Clerk pursuant to Criminal Rule _____

8/9/05
Date

Deputy Clerk

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia                    AMENDED                    Case No.: M 228-01
                    vs.                                            PDID No.: 446-720

MICHAEL MOMENT

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of   ☑ Not Guilty   ☐ Guilty to the Charge(s) of _____
COUNT "C": ATTEMPTED THREATS

and having been found guilty by  ☐ Jury  ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to
AS TO COUNT "C" ONE (1) YEAR SUPERVISED PROBATION WITH CONDITION TO COMPLETE ONE HUNDRED AND FORTY (140) HOURS OF COMMUNITY SERVICE BY AUGUST 9, 2006. TO BE FOLLOWED BY ONE (1) YEAR UNSUPERVISED PROBATION.
ALL OTHER CONDITIONS DATED MAY 18, 2005 REMAIN IN EFFECT.

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed

☐ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☑ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☑ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for  ☐ alcohol problems  ☐ drug dependency or abuse as follows:

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

☐ The Court will distribute monies to _____

Costs in the aggregate amount of $ 50.00 _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and  ☐ have  ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

8/11/05 NUNC PRO TUNC 8/9/05
Date                                                               Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

8/11/05 NUNC PRO TUNC 8/9/05
Date                                                               Deputy Clerk

9

| DATE: 5-18-05 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr |
|---|---|---|---|---|---|---|
| COURT REPORTER  TAPE ☐ | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH_____% ☐ SURETY | | ☐ P.R. |

Amended J+C filed adding the 2 years of unsupervised probation originally imposed on 8-12-04.

Count(s) _____ Nolle Prosequi  Prosecutor _____ Defendant released and warned ☐ of Penalties for failure to return

☐ New Commitment Executed   ☐ Back To Jail O.C.   ☐ Release Executed   ☐ Not In Custody

| DISPOSED | | PENDING | | 5-24-05 | CLERK | JUDGE COMM. |
|---|---|---|---|---|---|---|
| CLOSED | Held G.J | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By | MW EMT | Iscoe |

| DATE: 7-13-05 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE 8-9-05 | Continued for SC | In Courtroom Nbr 113 |
|---|---|---|---|---|---|---|
| COURT REPORTER  TAPE ☐ | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH_____% ☐ SURETY | | ☐ P.R. |

Show cause order signed, filed and mailed to all parties.

Count(s) _____ Nolle Prosequi  Prosecutor _____ Defendant released and warned ☐ of Penalties for failure to return

☐ New Commitment Executed   ☐ Back To Jail O.C.   ☐ Release Executed   ☐ Not In Custody

| DISPOSED | | PENDING | | | CLERK | JUDGE COMM. |
|---|---|---|---|---|---|---|
| CLOSED | Held G.J | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By | M. Wise | |

| DATE: 8/9/05 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE  FINAL DISPOSITION | Continued for | In Courtroom Nbr |
|---|---|---|---|---|---|---|
| COURT REPORTER  TAPE ☑ 113 | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☑ IS PRESENT  Self | Defendant: ☑ IS NOT PRESENT | | BOND $ | ☐ CASH_____% ☐ SURETY | | ☑ P.R. |

P.O. present. D representing on behalf of himself. Amended J+C filed: probation extended to include comm. service req. reduced to 140 hours.

Count(s) _____ Nolle Prosequi  Prosecutor _____ Defendant released and warned ☐ of Penalties for failure to return

☐ New Commitment Executed   ☐ Back To Jail O.C.   ☐ Release Executed   ☑ Not In Custody

| DISPOSED | | PENDING | | | CLERK | JUDGE/COMM. |
|---|---|---|---|---|---|---|
| CLOSED | Held G.J | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By | SD | ISCOE |

Name: Michael Mormant    Docket No.: M-4828-04

Form CD-1032/JUNE 90    PAGE 4    0-2954 wd 139

# District of Columbia
# Court of Appeals

DEC 2 9 2005

MICHAEL MOMENT
PO BOX 1456
OWINGS MILLS, MD
    21117

04-CM-001144 MICHAEL MOMENT   V.   UNITED STATES                    M4828-04

## ORDER

On consideration of appellant's motion for leave to file the lodged limited appendix, to which no opposition has been filed, it is

ORDERED that appellant's motion is granted and the lodged limited appendix is filed. It is

FURTHER ORDERED that appellee's brief shall be filed within 30 days from the date of this order. (dfe)

FOR THE COURT

GARLAND PINKSTON, JR.
CLERK OF THE COURT

EXHIBIT # 8

copies to:

ROY W. MCLEESE III

# District of Columbia
# Court of Appeals


FEB - 9 2006

**No. 04-CM-1144**

MICHAEL MOMENT,
                               Appellant,          M4828-04

v.

UNITED STATES,
                               Appellee.

## ORDER

    It appearing that the brief of appellee was due to be filed on or before January 30, 2006, and has not yet been filed with this court, it is

    ORDERED that appellee shall file its brief within 20 days from the date of this order, accompanied by a motion for leave to file out of time. The motion should set forth good cause for the failure either to timely file the brief or to request an extension of time within which to do so. Failure to comply with this order shall subject this appeal to being scheduled for consideration on the record and appellant's brief alone.

FOR THE COURT

GARLAND PINKSTON, JR.
CLERK OF THE COURT

Copies to:

Michael Moment
P.O. Box 1456
Owings Mills, MD 21117

Roy W. McLeese, III, Esquire
Assistant United States Attorney

dfe

**EXHIBIT # 9**

## District of Columbia
## Court of Appeals



FILED
FEB 1 6 2006
DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 04-CM-1144

MICHAEL MOMENT,

                            Appellant,           M4828-04

v.

UNITED STATES,

                            Appellee.

### O R D E R

On consideration of this court's order of February 9, 2006, wherein appellee was directed to file the brief within 20 days, accompanied by a motion for leave to file out of time, and it appearing that the brief of appellee was filed with this court on January 30, 2006, and was inadvertently omitted from the docket of this appeal, it is

ORDERED, *sua sponte,* that this court's order of February 9, 2006, is hereby vacated. It is

FURTHER ORDERED that this appeal shall be scheduled for consideration before a merits division as soon as the calendar permits.

                                                BY THE COURT:

                                                ERIC T. WASHINGTON
                                                Chief Judge

Copies to:

Michael Moment
P.O. Box 1456
Owings Mills, MD 21117

Roy W. McLeese, III, Esquire
Assistant United States Attorney                    **EXHIBIT #** 10

dfe

**District of Columbia
Court of Appeals**

**No. 04-CM-1144**

MICHAEL MOMENT,

                    Appellant,

                                      CMD4828-04

v.

UNITED STATES,

                    Appellee.

**O R D E R**

On consideration of the motion of *pro se* appellant for oral argument, and it appearing that this matter is scheduled on the summary calendar of July 27, 2006, it is

ORDERED on behalf of the merits division assigned to consider this matter that the motion is denied. This matter will be submitted for decision on July 27, 2006, on the record and briefs filed without argument by any party.

                                                FOR THE COURT:

                                                GARLAND PINKSTON, JR.
                                                Clerk of the Court

Copies to:

Michael Moment
P.O. Box 5298
Hyattsville, MD 20782-0298

Roy W. McLeese III, Esquire
United States Attorney's Office

                                                EXHIBIT # 11

aj



DISTRICT OF COLUMBIA COURT OF APPEALS

No. 04-CM-1144

MICHAEL MOMENT, APPELLANT,

v.   M-4828-04

UNITED STATES, APPELLEE.

Appeal from the Superior Court of the
District of Columbia,
Criminal Division

(Hon. Craig Iscoe, Trial Judge)

(Submitted July 27, 2006)   Decided August 7, 2006)

Before: FARRELL, *Associate Judge*, and KERN and SCHWELB, *Senior Judges*.

### MEMORANDUM OPINION AND JUDGMENT

PER CURIAM: This is an appeal from a judgment of conviction the trial court entered after a bench trial found appellant, Michael Moment ("Moment"), guilty of Attempted Threats, in violation of D.C. Code §§ 22-1803 and -407 respectively. Appellant makes three contentions on appeal. First, he contends that "[i]t is not a threat or a crime to tell someone you would meet him or her in an alley" and that "there was no evidence that Mr. Moment stated that he would do any physical act of violence to Mrs. Reardon." Next, he contends that "[t]he information in the affidavit that Detective Wilson swore to. To [sic] have a warrant issued was false." Finally, Moment argues that his attorney "*did not adequately represent Mr. Moment.*" We affirm.

The record of testimony at trial reflects that Pearl Reardon ("Reardon") received a phone call while she was at home with her daughter, Felita Phillips, and her granddaughter, Alexandra Phillips. Reardon "heard a crude voice saying, 'Felita there?'" When Reardon replied that Felita was not home, the caller began to yell, "woman, woman, if you ever call any family of mine, I am going to meet you in a bar, and I'm going to beat the shit out of you." Reardon responded that she did not go to bar and the caller responded, "well, I'm going to meet you in an alley on a dark night and I'm going to beat the shit out of you." Reardon believed the caller was appellant, her daughter's fiancé. Following the phone call, Reardon contacted the Metropolitan Police Department and filed a report.

Reardon also testified at trial that a day before the phone call, she believed her daughter and granddaughter to be missing. Based on earlier concerns that her daughter had expressed about

**EXHIBIT # /2**

2

appellant, Reardon contacted Nettie Moment, whom Reardon had located in an Internet search[1] with the hope of discovering a relative of appellant who might have knowledge of her daughter's whereabouts. She left a phone message for Nettie Moment at her place of employment; Nettie Moment returned her phone call and informed Reardon of her daughter's whereabouts.

There was further testimony that appellant, upon learning about Reardon's allegation, contacted Detective Wilson who was handling the investigation. Detective Wilson testified at trial that after waiving his Miranda rights, appellant admitted calling Reardon and "told her that he would meet her in an alley," but denied telling her that he would beat her up.

Appellant called as a witness at trial Felita Phillips who in her testimony admitted that Reardon "[did]n't approve of [Moment]" and "[did]n't like him." She also admitted that she was present when Reardon received the phone call but testified further that she did not know who was on the phone. She testified that an argument ensued between Reardon and the caller.

The trial court, in assessing the credibility of the witnesses, noted that, "with the exception of the detective, every single witness in this case appears to have extremely strong feelings about other witnesses . . . . All of them appeared to have . . . various degrees of bias." The trial court credited Reardon's testimony despite the fact that she appeared to have "extremely strong feelings and to have a great deal of concern for her daughter and her relationship with [appellant] . . . ." The trial court also found that appellant's admission to Detective Wilson[2] that he would meet her in a dark alley would "in and of itself constitute a threat," and credited also Reardon's testimony that appellant threatened to "beat the shit out of her."

The trial court found Nettie Moment's testimony to be of no consequence and did not credit Felita's testimony. The trial court also did not credit appellant's testimony and found that he "appeared to be going out of his way to avoid answering questions initially about that conversation and then simply denied that he ever made a statement about meeting the complaining witness in an alley." Accordingly, the court found appellant guilty of attempted threats and sentenced him to ninety days incarceration, execution of sentence suspended, a fine of $500, and one year of supervised probation.[3]

---

[1] Reardon testified that she found Nellie Moment's name in an news article on Homeland Security and the Coast Guard.

[2] In crediting Detective Wilson's testimony, the trial court noted that it could think of no reason why the detective would fabricate that statement.

[3] As part of his probation, appellant was ordered to perform 240 hours of community service, enroll in and complete an anger management program, and stay away from Pearl Reardon, her husband and the area around their residence. On May 18, 2005, the court amended the judgment and commitment order to include two years of unsupervised probation that had been a part of the original

(continued...)

3

In reviewing bench trials, "this court will not reverse unless an appellant has established that the trial court's factual findings are plainly wrong or without evidence to support [them]." *Mihas v. United States*, 618 A.2d 197, 200 (D.C. 1992) (internal quotation marks and citations omitted). Here, the trial court found that upon the evidence presented, the government proved beyond a reasonable doubt (1) that appellant uttered the words to Reardon; (2) the words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer; and (3) that appellant intended to utter the words which constituted a threat. *Evans v. United States*, 779 A.2d 891, 894 (D.C. 2001) (citing *Campbell v. United States*, 450 A.2d 428, 431 n.5 (D.C. 1982)); D.C. Code § 22-407 (2001). The trial court further found that appellant had attempted to commit a crime under D.C. Code § 22-1803, by committing "an overt act done with the intent to commit a crime, . . . which, except for some interference, would have resulted in the commission of the crime." *Evans*, 779 A.2d at 894 (recognizing the existence of the crime of attempted threats and that a defendant may be prosecuted for the attempt even though the making of the threat may have been completed).

Appellant challenges in this appeal the credibility of Reardon and Detective Wilson, but he fails to present any evidence that the trial court's findings that these witnesses were credible were not supported by the evidence. *See Bryant v. United States*, 859 A.2d 1093, 1102 n.13 (D.C. 2004); *Davis v. United States*, 564 A.2d 31, 40 (D.C. 1989) (en banc) (noting the "general principle that appellate courts should defer to the trier of fact because, as a functional matter, the trier of fact is better positioned to make such findings"). We are persuaded, after a review of the record, that the trial court did not err in finding the evidence sufficient to support the conviction.[4]

---

[3](...continued)
sentence but had not been included in the original order. On August 9, 2005, after a show cause hearing, appellant's supervised probation was extended one year, followed by one year of unsupervised probation to allow appellant to complete his community service obligation, which the court reduced to 140 hours.

[4] In tandem with his sufficiency of the evidence contention, appellant argues that Detective Wilson falsified her affidavit in support of the arrest warrant. Such an allegation would only be relevant to a pretrial motion to suppress evidence seized pursuant to the warrant and the record indicates that no such motion was filed because no evidence was seized pursuant to the warrant. Under Super. Ct. Crim. R. 12(d), appellant's failure to make such a motion constitutes a waiver thereof. *Brown v. United States*, 518 A.2d 415 (1986), *cert. denied*, 485 U.S. 978 (1988); *United States v. Hewlett*, 364 U.S. App. D.C. 363, 365, 395 F.3d 458, 460 (2005). Even if appellant's claim is not considered waived, appellant has not pointed to evidence presented that would contradict the facts presented in the affidavit; nor did appellant offer any evidence at trial that Detective Wilson was aware the statements in the affidavit to be false, or proceeded recklessly in her investigation of what transpired between appellant and Reardon. *See Jones v. United States*, 828 A.2d 169, 178 (D.C. 2003) (citation omitted) ("To challenge an affidavit successfully, the defendant must meet by a preponderance of the evidence, a four-prong test: (1) the affidavit contained false statements; (2) the false statements were made knowingly and intentionally or with reckless disregard for the truth;
(continued...)

4

Appellant also argues that his counsel inadequately represented him at trial because he met with appellant on only three occasions and failed to investigate fully his case. Appellant also disagreed with his counsel's decision to argue that appellant was not the one who contacted Reardon. Appellant did not raise his ineffective assistance of counsel claim in the trial court and as a result the government never had an opportunity to call appellant's trial counsel to defend his representation. *See Mack v. United States,* 570 A.2d 777, 785-86 (D.C. 1990); *Simpson v. United States,* 576 A.2d 1336, 1338 (D.C. 1990) ("The government has the right to contribute to the creation of [a record as to effectiveness of counsel], and a defendant may not unilaterally decide that the issue shall be determined solely on the basis of the trial record, eschew the filing of a § 23-110 motion, and thus foreclose the prosecution's opportunity to adduce the evidence relevant to ineffective assistance and prejudice . . . we reiterate that in the overwhelming majority of cases it is inappropriate to raise the issue of ineffective assistance of counsel on direct appeal. Attempts to do so are rarely if ever successful."). As a result, this court is limited to "the basis of the record at trial." *Bates v. United States,* 619 A.2d 984, 986 (D.C. 1996) (quoting *Hall v. United States,* 559 A.2d 1321, 1322 (D.C. 1989)); *see also Lay v. United States,* 831 A.2d 1015, 1025 (D.C. 2003).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [appellant] must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). On review of the record, appellant has failed to demonstrate that (1) his counsel made errors so serious that he was not performing as the counsel guaranteed by the Sixth Amendment; and (2) that his counsel's deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). Accordingly, it is

ORDERED and ADJUDGED that the judgment must be, and is, affirmed.

ENTERED BY DIRECTION OF THE COURT:

Garland Pinkston, Jr.
Clerk of the Court

---

⁴(...continued)
(3) the false statements were material to the issue of probable cause; and (4) without the false statements, the affidavit is insufficient to establish probable cause.").

04-CM-1144


Copies to:

Hon. Craig Iscoe

Clerk, Superior Court

Michael Moment, pro se
P.O. Box 5298
Hyattsville, MD    20782

Roy W. McLeese III, Esq.
USAO