```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|  |  |  |
|---|---|---|
| MICHAEL MOMENT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1421 (RWR) |
| JUDGE CRAIG ISCOE, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Pro se plaintiff Michael Moment filed the instant action seeking $1 million in damages for violation of his constitutional and statutory rights, among others. He alleges that District of Columbia Superior Court Judge Craig Iscoe willfully deprived him of his right to a fair and impartial judicial proceeding. Judge Iscoe moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that his acts were performed within his judicial capacity and the doctrine of judicial immunity bars Moment's complaint. Because Moment's claims are precluded by judicial immunity, Judge Iscoe's motion to dismiss will be granted.

"Generally, a judge is immune from a suit for money damages . . . . Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him,

- 2 -

shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991) (per curiam) (quoting <u>Bradley v. Fisher</u>, 80 U.S. 335, 347 (1872)).  However, a judge may be liable for nonjudicial actions, or conduct that is not done in his official judicial capacity.  <u>Id.</u> at 11.

Moment alleges that Judge Iscoe violated Moment's constitutional and statutory rights by sentencing him based upon erroneous information, incorrectly calculating his unsupervised probation period, removing his court file without authorization for approximately eight months and delaying his ability to file an appeal.  (<u>See</u> Compl. at 3-4; Pl.'s Mot. to Deny Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 9-11.)  In his motion to dismiss, Judge Iscoe characterizes his actions as those taken within the course of his judicial decision-making.  "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties[.]"  <u>Stump v. Sparkman</u>, 435 U.S. 349, 360 (1978).

Moment contests Judge Iscoe's claim of immunity but provides no showing that the judge's actions were not taken in his judicial capacity.[1]  <u>Cf.</u> <u>Mireles</u>, 502 U.S. at 11 (noting that

---

[1]   Moment further argues that Judge Iscoe does not have immunity because he acted outside of his jurisdiction.  (Pl.'s Opp'n at 14.)  <u>See</u> <u>Stump</u>, 435 U.S. at 356 ("Where there is

- 3 -

"judicial immunity is not overcome by allegations of bad faith or malice"). Determining sentences and periods of probation and handling court files are well within a judge's official functions, including in the Superior Court. Cf. Clark v. Taylor, 627 F.2d 284, 288 (D.C. Cir. 1980) (finding that the disposition of criminal motions constituted "judicial action" because "the Superior Court of the District of Columbia has general jurisdiction extending to all local criminal matters"); Bennett v. Stotler, Civ. Action No. 06-1635, 2006 WL 2864508, at *2 (D.D.C. Oct. 5, 2006) (determining that a judge did not exceed her jurisdiction by making pre-trial and detention decisions). Although the filings of pro se plaintiffs should be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), Moment has not demonstrated why his claims should not be barred under the doctrine of judicial immunity. Accordingly, Judge Iscoe's motion to dismiss will be granted. An appropriate order accompanies this Memorandum Opinion.

---

clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible."). He suggests that the affirmance of his sentence by the District of Columbia Court of Appeals establishes that Judge Iscoe acted outside of his jurisdiction as "to subject matter and person." (Pl.'s Opp'n at 14.) However, Moment neither explains nor demonstrates how the appellate court's affirmance shows Judge Iscoe's lack of jurisdiction.

- 4 -

SIGNED this 19th day of March, 2007.

```
              /s/
RICHARD W. ROBERTS
United States District Judge
```